1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    DAVID A. TRUE,                    )   No. C 11-05220 EJD (PR)
                                        )
12                  Petitioner,         )   ORDER TO SHOW CAUSE
                                        )
13         vs.                          )
                                        )
14                                      )
      ROBERT M. OCHS, et al.,           )
15                                      )
                    Respondents.        )
16                                      )
                                        )
17    _____    )

18          Petitioner, a state parolee proceeding pro se, filed a petition for a writ of

19    habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.

20    Petitioner has paid the filing fee.  (See Docket No. 2.)

21

22                              **BACKGROUND**

23          According to the petition and the attachments thereto, Petitioner was found

24    guilty by a jury in Sonoma County Superior Court of receiving a stole vehicle,

25    altering a vehicle identity number to conceal the identity, and defacing a motor

26    vehicle identity number.  (Pet. at 2.)  It appears that on June 30, 2008, Petitioner was

27    sentenced to serve a term on parole.  (Id.)

28          Petitioner appealed his conviction.  The state appellate court reversed the

United States District Court
For the Northern District of California

conviction for receiving stolen vehicle and affirmed the remainder, and the state high court denied review in 2010. (Id. at 3.) Petitioner filed the instant federal habeas petition on October 25, 2011.

## DISCUSSION

### A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B.    Legal Claims

Petitioner raises the following claims for federal habeas relief: (1) the prosecutor made improper statements in his closing argument which improperly shifted the burden of proof; and (2) Petitioner was denied his right to confront and cross-examine witnesses. Liberally construed, these claims appear cognizable under § 2254 and merit an answer from Respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.    The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2.    Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to

**United States District Court**
For the Northern District of California

Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing SJ Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4.    Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must also keep the Court and all parties informed of any change of address.

DATED: _____    3/29/2012    _____
                                        EDWARD J. DAVILA
                                        United States District Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


DAVID A. TRUE,

               Petitioner,

  v.

ROBERT M. OCHS, et al.,

               Respondents.

_____/

Case Number: CV11-05220 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____3/30/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


David A. True
Sonoma County Probation Department
P. O. Box 11719
Santa Rosa, CA 95406


Dated: _____3/30/2012_____

                                Richard W. Wieking, Clerk
                       /s/By: Elizabeth Garcia, Deputy Clerk